## PETER LILLIANSKYOLDT, Respondent, v. GEORGE GOSS, Appellant.

1. COMPLAINT IN EJECTMENT AGAINST CO-TENANT.—A complaint in an action to recover the possession of real estate held by an alleged co-tenant which does not define or state the specific interest of the several co-tenants is defective, but such defect may be cured by verdict.

2. JUDGMENT AND VERDICT IN EJECTMENT.—In an action to recover real estate from a co-tenant, where the complaint, verdict and judgment all fail to define the extent of plaintiff's interest, and his ownership in the disputed premises, the judgment will be set aside.

3. POSSESSION OF ONE CO-TENANT, NOT POSSESSION OF ALL.—The rule that the possession of one co-tenant is, as to all other persons, the possession of all, applies to cases where the joint owners hold lands and tenements by any kind of title, either in fee for life, for years, or at will; but there can be no tenancy in common in a mere actual possession by one; there must be some right or title to the possession and not the mere actual possession to create a co-tenancy.

4. POSSESSION OF ONE CO-TENANT NOT POSSESSION OF ALL.—There can be no partnership or tenancy in common in an actual possession of land, unless all the partners or tenants in common are actually occupying the same.

5. EJECTMENT FROM PUBLIC LAND.—Where a party enters upon land knowing the same to be a part of the public domain, he is only entitled to recover as against a trespasser having no title, upon showing such facts as will be sufficient to raise a presumption of title in himself.

Appeal from the Second Judicial District Court.

Action to recover certain premises alleged to be owned jointly by plaintiff and defendant and in the possession of defendant.

The verdict was as follows: " We the jury in the case of *Peter Lillianskyoldt* v. *Geo. Goss*, find a verdict in favor of plaintiff, without damages, and that the costs of suit be taxed on the defendant."

The judgment so far as necessary to explain the opinion of the court was as follows: " Wherefore, by virtue of law and by

reason of the premises aforesaid, it is ordered and adjudged that said plaintiff be restored as joint owner and tenant in common with the defendant, to the possession of the following described premises, and the water thereon and water privileges incident thereto; to-wit:" (describing the premises.)

The other facts appear in the opinion of the court.

*Jno. R. McBride,* for appellant.

The complaint alleges a joint ownership with defendant and a tenancy in common of the premises claimed.

The complaint nowhere states what that interest is—the allegation that plaintiff is a tenant in common with defendant, taken alone, is a mere conclusion of law. Neither is this defect helped by the proof. There is nothing to show how much or what interest plaintiff has or claims. A judgment that does not show what the party is to recover cannot be supported. This judgment has the fatal defect of the complaint, it cannot be told from either, what the plaintiff is entitled to.

According to the evidence the plaintiff did not have the actual possession; and as he claimed under no law or local regulation which would entitle him to recover, on constructive possession, there is no evidence to support the verdict. 16 Cal. 573; 5 Nev. 46; 1 Nev. 68, and cases cited in the above.

That the verdict is against law and the instructions of the court.

There was no proof of actual possession. Logan distinctly stated that he was there for himself only—the plaintiff had been gone for a year—he had neither the means nor the will to use the property. Logan did not pretend that he was occupying it for any purpose but to sell—the price he sold for shows that he was not using or intending to use it in good faith.

The court distinctly told the jury that they must find that plaintiff was in the actual possession at the date of the ouster. The proof shows that when defendant entered the land the plaintiff was not in the county, and had not been for nearly

eleven months, and had never done an act towards appropriating either the water or mill site, and was unable to do either.

Mere casual acts of ownership, such as cutting hay or timber on the land, or even paying taxes, will not support a claim for actual possession.    4 Cal. 95; 32 Cal. 20; 15 Cal. 315.

*Presley Denny & C. M. Hawley*, for respondent.

Plaintiff and Logan, defendant's grantor, were partners or tenants in common, of the premises in the complaint described.    The possession of one partner or tenant in common, is the possession of all.  *Patterson* v. *Keystone Mining Co.*, 30 Cal. 360; *Warring* v. *Crow*, 11 Cal. 366; *Owen* v. *Morton et al.*, 24 Cal. 373.

On defendant's purchase from Logan, and entry thereunder, he became a co-tenant, with plaintiff.  *Reed* v. *Spicer*, 27 Cal. 57; *Bradley* v. *Harkness*, 26 Cal. 69; 24 Cal. 373; 30 Cal. 360, *supra*.

The premises described in the complaint, and the water necessary and incident thereto, having been taken up and occupied for mining and milling purposes, the same rules apply as to any other mining property.   No particular acts are required to be done, but it is an adjunct of the vein or lode and for the benefit of the mine.   *McDonald & Blackburne* v. *Bear River & Auburn W. M. Co.*, 13 Cal. 220–233, Compiled Laws, p 70, § 2337, Revised Stat. § 2337; *Ortman et al.* v. *Dixon et al.*, 13 Cal. 34–39.

In actions for the possession of mining property the only question is, which has the better right to the possession, or to mine the land in question?

The doctrine that plaintiff must recover upon the strength of his own title, does not apply to this class of cases.  *Richardson* v. *McNulty et al.*, 24 Cal. 348; *Schissler* v. *Chessier*, 7. Nev. 433.

The prior possession of plaintiff is better than the subsequent possession of defendant.  *Richardson* v. *McNulty*, 24 Cal. 349.

The notice of intention to appropriate water is evidence of possession, and taken with other acts is sufficient. *Thompson* v. *Lee*, 8 Cal. 280; *Kimbal* v. *Gearhart*, 12 Cal. 27.

An appropriation of water for the uses of a mill, stands on the same footing as an appropriation for the use of mines; *McDonald & Blackburn* v. *Bear River W. & M. Co.*, 13 Cal. 233; *Ortman* v. *Dixon Co.*, 34–39.

The doctrine of *possessio pedis*, which applies to agricultural land, does not apply to mining claims. *English* v. *Johnson*, 17 Cal. 116; *Atwood* v. *Fricot*, Id. 37.

No other acts are required, as evidence of possession, than those usually exercised by the owners of such claims. " Actual possession" cannot be required in such cases. Idem. *Supra;* 4 Nev. 59.

Nor can defendant question whether plaintiff and his co-tenant complied with the United States law in regard to mill sites—having claimed more than five acres—or the territorial or local regulations, or that they included within their limits, more ground than they were entitled to. Because coming into possession under them, and their title, they cannot raise it. *O'Keiffe* v. *Cunningham*, 9 Cal. 591; *T. M. Tunnel Co.* v. *Stranahan*, 31 Cal. 392.

After notices of location, posted and recorded, the locators became tenants in common, and no locator could dispose of the interest of their co-tenant. Plaintiff's right and title being vested, could not be affected, by any acts of his co-tenant. *Chase* v. *Savage Silver Mining Co.*, 2 Nev. 60; *Gore* v. *M B Ayer*, 18 Cal. 588–590: *Mahony* v. *Van Winkle*, 21 Cal. 502.

Opinion by M. SCHAEFFER, C. J. :

This is an action to recover possession of an undivided interest in a certain tract of land in Kane county, containing 44.25 acres. The complaint charges that the plaintiff and the defendant were the joint owners and tenants in common, and in the peaceable possession of said land; and that afterwards

the defendant forcibly and unlawfully ousted and ejected the plaintiff therefrom. These allegations are denied by the defendant in his answer. The evidence shows that on or about the 29th of January, 1876, the plaintiff and one H. E. Logan attempted to make a location of a mill site on this land; and that in March, 1876, the plaintiff chopped some wood, and burned some coal on this land, the coal to be used to sharpen some tools at a mine some distance away. That in April or May, 1876, plaintiff went from there to Beaver county and did not return until March, 1877, about a month after the defendant had taken possession of the land. The said Logan dug a ditch on said land, about thirty feet long, eight or ten inches deep and about a foot wide, in December, 1876; and in February, 1877, he, Logan, was on said land "*making levels* to find out where the water could be carried." The defendant then came there in search of a mill site, Logan claimed an interest there in his own name, defendant bought him out and took possession, built a mill and water ditch on said land at an aggregate cost of some sixty thousand dollars.

There is no evidence that a location was made on this land, or that any valid claim thereto accrued to the plaintiff by virtue of any statute of the United States or of this territory, and the jury were instructed "That there is no evidence that the jury can consider that the plaintiff's alleged claim was under the law of Congress, or the possessory act of Utah, or any mining custom, and the plaintiff to recover, must show that he was in the actual possession of the premises at the time of the defendant's alleged entry."

The main alleged errors relied upon by the appellant are, first, that the complaint does not show what interest the plaintiff claims in the premises. The complaint alleges a joint ownership with the defendant and a co-tenancy of the premises. It does not pretend to define or state what the specific interests of the several co-tenants are. There is no doubt that this is a defect in the complaint; but it might possibly have been cured by a verdict. In this case, however, the verdict is

equally uncertain, so that no judgment defining the interest of the plaintiff in the premises, could be properly rendered. Neither does the judgment specify what right the plaintiff had in the premises; but it simply orders and adjudges that the plaintiff be restored as joint owner and tenant in common with the defendant to the possession of the premises. This uncertainty characterizes the complaint, verdict and judgment and is of itself sufficient to reverse this judgment.

The second error relied upon is that "The verdict is against the evidence and against the law." There is no proof of actual personal possession by respondent at the time of the alleged ouster. The respondent's attorney, however, insists that respondent and Logan were partners and co-tenants, so that the actual possession of Logan inured to respondent. It is certainly true that the possession of one co-tenant is, as to all other persons, the possession of all; but I cannot conceive how that rule applies to this case. "Tenants in common are such as hold lands and tenements by any kind of title, either in fee, for life, for years, or at will." Bouvier's L. Dictionary, p. 580. There can be no tenancy in common in a mere actual possession by one. There must be some right or title to the possession, and not the mere actual possession, to create a cotenancy. "Actual possession exists where the thing is in the immediate occupancy of the party;" B. L. Dict. p. 349; or, as the court in this case instructed the jury, "Actual possession is the subjugation of the premises to the use and dominion of the claimant." There may be a partnership or tenancy in common in a right or title to land, but I cannot see how there could be a partnership or tenancy in common in an actual possession unless all the partners or tenants in common were actually occupying the land. In this case there was no such occupancy by the respondent; and the testimony shows that Logan did not even claim to hold the possession of the land in whole or in part for the respondent; so that I can see no evidence to support the verdict in this particular.

"Where a party enters upon land knowing the same to be a

part of the public domain, he is only entitled to recover as against a trespasser having no title upon showing such facts as will be sufficient to raise a presumption of title in himself," and in cases like this one the presumption of title not appearing, as it could appear only from the actual possession, the *possessio pedis*, there is no right to recover shown by the evidence; the verdict is against the evidence and the law. *Eureka M. Co.* v. *Way*, 11 Nev. 171. There are several errors assigned upon the instructions of the court which we do not deem it necessary to examine as the judgment has to be reversed for the reasons already stated.

EMERSON, J., concurs.

BOREMAN, J., delivers the following special opinion:

I agree with a majority of the court in sending this cause back to the district court, but one of the grounds urged as a basis for this action, I think is untenable.

Plaintiff and Logan (from whom defendant received possession) went into possession together and claimed and occupied the ground thus, and operated jointly in performing acts indicative of a joint claim of ownership.

Tenants in common may hold by the same or separate titles or rights, and unity of possession is all that is necessary. Here there was unity of possession under the same title or right, to-wit, the naked possession. Logan held by no other right or title, nor did plaintiff. Naked possession is a degree of title although the lowest and most imperfect. 2 Bl. Com. 195. Logan and plaintiff were, therefore, tenants in common, and Logan's possession was therefore that of plaintiff, and plaintiff's temporary absence did not affect his right, nor could Logan's acts or words defeat it. Goss went into possession under Logan with a full knowledge of plaintiff's rights. Hence he held the same relation to plaintiff that Logan did, and Logan could not deny plaintiff's rights.

The other ground of the court's action I believe to be correct.