BARBARA E. BOLEY, Appellant, v. C. W. ALLRED,
ALPHA BALLINGER and J. M. WHITMORE,
Respondents.

No. 1405.    (71 Pac. 869.)

1. **Conversion: Parties: Co-owner.**

Under the direct provisions of Revised Statutes 1898, section 2919,
the owner of an undivided half interest in personal property
may maintain an action for conversion without joining his co-
owner as either plaintiff or defendant.

2. **Same: Complaint: Sufficiency.**

A complaint, in an action by the owner of an undivided half interest
in personal property for conversion, was not insufficient because
it failed to show who owned the other half.

3. **Same: Defense: Not Available on Demurrer: Must be
Pleaded in Answer.**

In an action for conversion of personal property by one claiming a
half interest in the property, a defense that defendants owned
the other half, and had taken possession for a legitimate purpose,
could not be availed of on demurrer to the complaint, but should
be pleaded in their answer.[1]

(Decided March 24, 1903.)

Appeal from the Seventh District Court, Carbon County.—
*Hon. Jacob Johnson,* Judge.

Action for conversion.    From a judgment in favor of the
defendants on demurrer sustained, the plaintiff appealed.

REVERSED.

*M. P. Braffet, Esq.,* and *Messrs. Goodwin & Van Pelt*
for appellant.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood* for
respondents.

---

[1] Lillianskyoldt v. Goss, 2 Utah 292, distinguished.

Boley v. Allred et al.

McCARTY, J.—The complaint in this case alleges: "(1) That on the 23d day of February, 1899, at Price, in the county of Carbon, State of Utah, the plaintiff was the owner and entitled to the possession of an undivided one-half interest in the following described personal property, to-wit: One annex building and fixtures, one hogpen and ten hogs, one lumber stable; all of said property being upon the premises of Hotel Clarke, in Price town, Carbon county, Utah. (2) That the personal property above described was on said date of the value of $300, and plaintiff's undivided one-half interest therein was of the value of $150. (3) That on said 23d day of February, 1899, and while plaintiff was such owner as aforesaid, defendants wrongfully and unlawfully took possession thereof, and converted the same to their own use, to plaintiff's damage in the sum of $150." The complaint contains the usual prayer for judgment. The defendants demurred to the complaint on the grounds: "(1) That there is a defect of parties plaintiff . . . in this: that it does not appear from said complaint who was the owner of the half interest of the property mentioned therein of which plaintiff was not the owner; (2) that there is a defect of parties defendant in this: that it does not appear from said complaint who was the owner of the half interest of the property mentioned therein of which plaintiff is not the owner;" and that said complaint does not contain facts sufficient to constitute a cause of action. The court sustained the demurrer. The plaintiff declined to amend, and the court entered a judgment dismissing the action at her costs. Plaintiff appeals to this court, and assigns as error the ruling of the court in dismissing the action.

There is no merit whatever in the first two grounds alleged in the demurrer. Counsel for respondents, in their brief, concede the well-established rule that one joint or cotenant may maintain an action for the conversion of personal property in which he owns an undivided interest,

without joining his co-owners. This right of action is also provided for by section 2919, Revised Statutes 1898, which is as follows: "All persons holding as tenants in common or as joint tenants, or any number less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party. In all cases one tenant in common or joint tenant can sue his co-tenant."

It is urged that the complaint does not state facts sufficient to constitute a cause of action because it does not appear who the parties were who owned the half interest in the property not claimed by plaintiff, and, for aught that appears in the complaint, it may have been the respondents themselves.

The complaint charges the defendants with the conversion of the property mentioned therein; in fact, it contains all the essential allegations to constitute a conversion; and even if defendants were co-owners with plaintiff in the property, and they converted it to their own use, thereby depriving plaintiff of her interest therein, she would have a right of action against them for such conversion (Freeman, Co-Ten. and Part., sec. 306; 26 Am. and Eng. Ency. of Law, pp. 787-789), and proof of the conversion would be admissible under the allegations of the complaint. But, say counsel in their brief, the defendants may have taken possession of the property for a legitimate purpose without depriving plaintiff of her interest therein, and therefore, if such were the case, a suit for conversion can not be maintained; and they cite the case of Lillianskyoldt v. Goss, 2 Utah 292, in support of their contention on this point. In that case the complaint alleged that plaintiff and defendant were joint owners and tenants in common in the property that was the subject-matter of the action, whereas the complaint under consideration fails to show any such state of facts. Therefore the defendants, in order to avail themselves of a defense of this character, must plead it in their answer. A pleader is

not required to anticipate and negative every conceivable kind of a defense that might be interposed to defeat his action. Bliss, Code, Pl., sec. 200; 1 Chitty, Pl., 222.

The judgment is reversed, with directions to the trial court to reinstate the case and overrule the demurrer, costs of appeal to be taxed against respondents.

BASKIN, C. J., and BARTCH, J., concur.