DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

(*Continued from Volume 41.*)

## STOOKEY v. MACKAY.

No. 2381.   Decided December 3, 1912 (128 Pac. 580).

1. JUDGMENT—PLEADINGS TO SUPPORT—COUNTERCLAIM—ISSUES. The complaint alleged that plaintiff and defendant were partners, and that defendant retained the profits, and demanded an accounting. Defendant denied the partnership, and set up a counterclaim for money loaned. The court found that no partnership was entered into, but found that defendant was indebted to plaintiff for commissions earned in purchasing property for defendant, but made no finding as to the counterclaim, and rendered judgment for plaintiff. *Held*, that, in the absence of cross-appeal or cross-assignment of errors, the court, on defendant's appeal, could not review the finding on the question of partnership, but that finding must stand, so that the judgment was not sustained by the pleadings. (Page 3.)

2. APPEAL AND ERROR—ACTIONS AT LAW—FINDINGS. Where, in a suit for a firm accounting, defendant denied the partnership, and set up a counterclaim for money loaned to plaintiff, the counterclaim was an action at law, and the trial court must make findings of fact; and the Supreme Court, on appeal from a judgment rendered without findings on the counterclaim, cannot make findings, but must remand the case, with directions to make findings and render judgment thereon. (Page 4.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by S. J. Stookey against W. W. Mackay.

Judgment for plaintiff.   Defendant appeals.

REVERSED WITH DIRECTIONS.

*Stewart, Stewart & Alexander* for appellant.

*Smith & McBroom* for respondent.

FRICK, C. J.

Respondent, in his complaint, in substance alleged that he and appellant were equal partners in a certain transaction involving the profits of the sale of a large number of sheep; that said sheep were sold by appellant on partnership account, and that the profits derived from said sale were retained by him; and that he refused to account to respondent for the same, or any part thereof. Respondent prayed judgment for an accounting of the profits realized by appellant, and for the amount that should be found due him on such accounting.

Appellant, in his answer, denied the partnership, and, while admitting the purchase and sale of a large number of sheep, averred that said sheep all belonged to him, and that respondent had no right, title, or interest therein, or in the proceeds derived from the sale thereof, and denied that he was indebted to respondent in any sum or amount whatever. Appellant also set up a counterclaim for money loaned to respondent. Respondent, in his reply, denied the allegations of the counterclaim.

The pleadings set forth the facts constituting the alleged transaction at great length, but the foregoing is sufficient to make clear the points decided.

A trial was had to the court, at which it seemingly, in opposition to the contention of counsel for both parties, tried the case upon a theory other than that upon which the pleadings were based, and at the conclusion of the trial found that no partnership was entered into or existed between appellant and respondent with respect to the purchase and sale of said sheep. But, notwithstanding that finding, the court also found that appellant was indebted to the respondent in the sum of $1043.06 as commission earned by him in purchasing said sheep. The latter finding is apparently upon either an express or implied contract which was not pleaded, was not relied on in the trial court by counsel, and is not relied on

in this court. The court failed to make any finding, affirmative or negative, on the counterclaim interposed by appellant. Conclusions of law and judgment were entered in favor of respondent in accordance with the findings aforesaid, from which this appeal is prosecuted.

Appellant's counsel contended that the judgment is contrary to and is not supported by the pleadings, and that the court erred in not entering conclusions of law and judgment on the general finding that no partnership existed, and further erred in not making any finding on the counterclaim. Counsel for respondent very frankly stated at the hearing in this court that, in view of the court's findings upon the question of copartnership, the judgment cannot prevail. In their brief they say:

"There can be no question but that this case must be remanded, with some directions to the trial court."

Counsel for appellant insist that respondent's complaint proceeded upon the theory of a copartnership consisting of himself and appellant; that the business or transactions of such partnership resulted in profits, which were all retained by appellant, and for one-half of which he should be made to account to respondent as copartner; that the finding of the court, however, was that no copartnership was ever entered into or existed, and hence there were no partnership transactions, nor partnership profits to account for or distribute. They contend, therefore, that neither the findings of the court, nor the judgment that the appellant was indebted to respondent for commissions, is supported by the pleadings. They further contend that the only finding that is responsive to the issues presented in the pleadings is the negative finding that no partnership existed with respect to the transaction set forth in the complaint, and, inasmuch as that finding is supported by competent evidence, and is not assailed by anyone on this appeal, it binds not only the parties to the action, but this court as well. In view of the state of the record, we think the foregoing contention is sound, and should prevail.

The finding of the court that no partnership existed is not assailed by respondent, either by a cross-appeal or by a cross-assignment of errors; hence we are powerless to review the same. If that finding therefore stands, as it must, there is nothing contained in the complaint or in the pleadings upon which to base the judgment entered in this case, and for that reason the judgment cannot be permitted to stand.

Appellant, however, asks us to go further, and to make or direct findings to be made in his favor on his counterclaim. No doubt appellant is entitled to a finding on his counterclaim, but the question is whether this court or the trial court should make such finding. We are clearly of the opinion that the finding upon the issue presented by the counterclaim in question should be made by the trial court, and not by this court. The cause of action set up in the counterclaim in question is an action at law, pure and simple; and hence this court cannot pass upon the weight or effect that should be given to the evidence produced either in favor of or in opposition thereto. To make findings in law actions tried to the court without the intervention of a jury is the province of the district court as the trier of fact. All we have power to do in law actions is to determine whether there is any substantial evidence in support of the findings or judgment. Should we either enter or direct findings on the counterclaim in this action either way we would have to pass upon the weight or effect to be given to the evidence. To do so in a law action would require us to go beyond the power conferred upon us by the Constitution of this state.

Nor can we comply with the request of counsel for respondent and remand this cause for a new trial upon the issue of the existence of a copartnership. As already pointed out, that issue was tried out ,and the trial court found against respondent with respect thereto; and, in view that he neither appeals nor assigns cross-errors assailing the finding, it must prevail. So long, therefore, as that finding stands, respondent is not entitled to share in the profits derived from the transactions set forth in his complaint, and appellant cannot be required to account therefor to him. Appellant therefore

is entitled to judgment dismissing the complaint. Upon the other hand, both parties are entitled to a finding on the counterclaim.

The judgment is therefore reversed, with directions to the district court to make conclusions of law and enter judgment in favor of appellant on respondent's cause of action, to hear any further evidence either or both parties may offer, or that the court may direct, on the counterclaim, and to make findings of fact and conclusions of law with respect to the counterclaim, and enter judgment in accordance with such findings of fact and conclusions of law. Appellant to recover costs on this appeal.

McCARTY and STRAUP, JJ., concur.