## CAIN v. STEWART ET UX.

No. 2751.   Decided October 6, 1915 (152 Pac. 465).

1. PLEADING—REPLY—NECESSITY.   Under Comp. Laws 1907, Sec. 2996, a plea or answer, not traversed by reply, stands admitted. (Page 161.)

2. JUDGMENT—FINDINGS OF FACT—SUFFICIENCY.   Findings of fact and conclusions of law, though very general, will support a judgment where they follow the allegations of the complaint; but a judgment for an amount in excess of the amount prayed for in the complaint and any possible award of interest cannot be sustained on such finding.   (Page 161.)

3. JUDGMENT—PLEADINGS TO SUSTAIN.   In an action to recover the amount due on a land contract, where payments averred in the answer were admitted by a failure to deny, the judgment cannot exceed the principal of the debt sued for and interest, less the payments.   (Page 162.)

4. PAYMENT—APPLICATION.   Where more is paid at any one time than accrued interest due on a land contract, the surplus should be credited on the principal, so as to reduce the interest-bearing principal.   (Page 162.)

Appeal from District Court, Third District; Hon. *F. C. Loofbourow*, Judge.

Action by Additon Cain against S. R. Stewart and wife.

Judgment for plaintiff.   Defendants appeal.

REVERSED and REMANDED, with directions.

*E. G. Palmer* for appellants.

*C. S. Patterson* for respondent.

## FRICK, J.

On December 27, 1913, the plaintiff commenced this action to recover an amount alleged to be due him from the defendants upon a certain contract.   The plaintiff in substance alleged that in July, 1905, he sold to the defendant S. R. Stewart a certain parcel of land in Salt Lake City for the agreed

price of $3,000; that $12.50 of that sum was paid in cash, and the further sum of $137.50 was to be paid October 1, 1905; that the unpaid portion was to be paid in monthly installments of $30 each, including interest at the rate of 8 per cent., commencing with the month of November, 1905; that the defendant "failed, neglected, and refused to make the payments as stipulated in his said agreement, or to make any payment thereon, since the month of August, 1913; and that there is now due and owing thereon from said defendant to the said plaintiff the sum of $2,737.04, no part of which has been paid." The plaintiff prayed judgment for said sum, and for an attorney's fee of $250, although he did not allege that he was entitled to an attorney's fee, nor what would be a reasonable fee, except as stated in the prayer. He also asked that the contract be foreclosed, and that the land in question be sold, and the proceeds of sale applied in payment of the amount prayed for. The other defendant was made a party as the wife of the principal defendant, in order to foreclose her inchoate interest in the land in question. The defendants answered the complaint, and pleaded partial payment in the following words:

"That the defendant, S. R. Stewart in various sums and at divers times paid to the plaintiff the amount of $2,336.50 since the 4th day of December, 1905, upon the contract," etc.

Defendants also pleaded a counterclaim, but for the reasons hereinafter appearing the counterclaim is immaterial. While the plaintiff replied to the counterclaim, he failed to deny the payments as alleged in the answer, and hence under our statute (Comp. Laws 1907, section 2996), the plea of payment stands admitted.

The court made findings of fact and conclusions of law, and entered judgment in favor of the plaintiff, and the defendants appeal. The appeal is upon the judgment roll, without a bill of exceptions.

It is insisted that the judgment is contrary to the findings of fact and conclusions of law in various respects. The findings of fact are very general, and in most respects follow the allegations of the complaint, which are likewise general, the material portions of which we have

before set forth. All that the court finds with regard to the amount due is stated in the following terms:

"That there is due and owing from said defendant to the said plaintiff, after deducting all payments paid, the sum of $3,027.06."

This defendants' counsel contends, under the circumstances, is a mere conclusion, and not a finding of any fact or facts. If the finding were sustained by the allegations of the complaint, although it is general and in the nature of a conclusion, yet, in the absence of the evidence, we would nevertheless not be inclined to reverse the judgment for that reason alone. The difficulty that confronts us, however, is how to harmonize the findings with the allegations contained in the complaint. While it is true that we have no means of determining what evidence was produced at the trial, yet we must assume that the trial court limited the evidence to the allegations contained in the complaint. The plaintiff in his complaint alleged the amount due him on December 27, 1913, to be $2,737.04. He prayed judgment for that sum, "together with interest thereon at the rate of 8 per cent. per annum from this date." The court entered judgment on the 24th day of June, 1914, or six months less three days after the complaint was filed and the action commenced. If, therefore, we calculate interest on the principal sum of $2,737.04, the amount prayed for, from December 27, 1913, to June 24, 1914, the date of judgment, and allow full six months' interest at the rate of 8 per cent., the interest would amount to only $109.48. If this be added to the principal sum prayed for, both principal and interest on the date the judgment was entered would amount to the sum of $2,846.52, or $108.54 less than the amount for which judgment was entered. Neither the allegations of the complaint nor the relief prayed for, therefore, sustain the judgment.

But there is still another view which yet more strongly militates against the judgment. In the complaint it is alleged that the contract price for the land in question on July 1, 1905, was $3,000; that $12.50 was paid cash, and $137.50 was to be paid October 1, 1905. In the face of the allegation that no payments were made "since the month          **3, 4**

of August, 1913," we must assume that payments were made prior to that time. This conclusion also follows from the fact that only $2,737.04 is alleged to be due on December 27, 1913, which is less than the amount would be by deducting the payments before referred to. We may assume, therefore, that the $137.50 was paid at the time it fell due. That payment reduced the principal sum to $2,850. If we calculate interest at 8 per cent. from the 1st day of November, 1905, the date when, according to the allegations of the complaint, the deferred payments commenced to draw interest, up to the 24th day of June, 1913, the date of the judgment, the interest on said $2,850 amounted to $1,976. Now, we have seen that the plaintiff admitted that the defendants, since the 4th day of December, 1905, had paid the sum of $2,336.50. *Prima facie*, therefore, that amount exceeded the accrued interest to the extent of $360. The latter amount should therefore be deducted from the principal sum of $2,850, which would leave a balance of $2,490, or $537.06 less than the amount of the judgment, which was for $3,027.06. In this view, therefore, the judgment is also excessive.

It is, however, suggested by plaintiff's counsel that the interest was payable monthly, and was included in the $30 monthly payments. While that may be true, it is also true that plaintiff admitted in his pleading that the defendants had "at divers times" since the 4th day of December, 1905, paid the sum of $2,336.50. When the payments, therefore, are properly applied, it may well be that the interest should be reduced to the amount, or less than the amount, we have calculated it to be, while, upon the other hand, it might also be that it should not be reduced to that amount. It seems clear to us, however, that the interest, under the pleadings, should in no event amount to the sum of $537.06 in excess of the amount we have calculated it as before indicated. In view of this, we cannot do what plaintiff's counsel has suggested, namely, circulate the interest and declare the amount due. We have not sufficient data to do that. While according to the pleadings it is clear that the judgment is excessive, yet it may well be that it is not excessive to the extent of $537.06. Besides, it is the duty of the trial court to deter-

mine the amount that is due under the evidence, when applied to the allegations of the pleadings. Under the pleadings, the parties, or either of them, may show just when any particular payment was made, and under the familiar rule of the application of payments, if more was paid at any one time than the accrued interest, the surplus should have been credited on the principal, and in that way the interest-bearing principal would have been reduced. We have no data from which we can make a correct computation, and for that reason we cannot enter a proper judgment. It is not necessary, however, to direct a new trial.

The case is therefore remanded to the district court of Salt Lake County, with directions to obtain the proper data from the evidence and to calculate the interest in the light of the allegations of the complaint and in accordance with the rule of partial payments, and, after having ascertained the amount due, to make findings of fact and conclusions of law and enter judgment accordingly. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.