### CAIN v. STEWART et ux.

No. 2972.   Decided August 20, 1917.   (167 Pac. 265.)

APPEAL AND ERROR—PRESUMPTIONS—FAVORING TRIAL COURT—SUPPORT OF FINDINGS BY TESTIMONY. In the absence of any testimony, if the findings are supported by the pleadings, the Supreme Court assumes that there was testimony to support the trial court's findings.

Appeal from District Court, Third District; *Hon. F. C. Loofbourow*, Judge.

Action by Addison Cain against S. R. Stewart and Francis M. Stewart, his wife.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*E. G. Palmer* for appellant.

*Addison Cain*, in pro. per.

GIDEON, J.

This is a second appeal in this action. Reference is made to the former opinion of this court, announced October 6, 1915, for a statement of the facts. *Cain* v. *Stewart*, 47 Utah, 160, 152 Pac. 465.

The judgment on that appeal was reversed, being excessive, and was remanded to the district court, with directions to re-examine the evidence, calculate the amount due in accordance with the rule of partial payments, make findings of fact and conclusions of law, and to enter judgment. That the district court did, and entered judgment on the 11th day of January, 1916. This appeal is from that judgment and is upon the judgment roll.

The testimony is not before this court, either on the original appeal or on this appeal, and we have no way of determining from the record as to whether the amount found by the district court is supported by the testimony. In the absence of any testimony, when the findings are supported by the pleadings, we assume that there was testimony to support the findings of the trial court. Under the state of the record all that this court can do is to affirm the judgment.

Complaint is made that the property described in the complaint had been sold under the former judgment, and the premises passed into the possession of the plaintiff, and that the district court, in entering the second judgment, should have taken into account and allowed the defendants the reasonable rental value of the premises during the time they were occupied by the plaintiff. That the district court was not authorized or instructed to do. Under the mandate of this court that court was required to re-examine the evidence and ascertain the proper amount due and enter judgment for that amount. It might be suggested, however, that if the plaintiff occupied premises belonging to the defendants prior to his legal right so to do, plaintiff would be liable to the owners for the reasonable rental or use of the premises during such time under proceedings to recover such rental.

Under the state of the record before this court we are satisfied that it is our duty to affirm the judgment of the district court.

Such is the order.

FRICK, C. J., and CORFMAN, McCARTY, and THURMAN, JJ., concur.