**DANIELS IRRIGATION COMPANY,**
Plaintiff and Appellant,

v.

**DANIEL SUMMIT CO. and Angus F.**
Ossmen, Defendants and
Respondents.

No. 14939.

Supreme Court of Utah.

Nov. 3, 1977.

Edward W. Clyde and Michael M. Quealy of Clyde & Pratt, Salt Lake City, for plaintiff and appellant.

J. Thomas Greene and Gifford W. Price, Dallin W. Jensen, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff brought an action in two counts 1) to appeal the state engineer's decision approving defendants' change application which asserted an irrigation right and 2) to quiet title to the waters of Hobble Creek.

The case was tried to the Court, sitting without a jury, and it dismissed the first count as not being timely prosecuted.[1] As to count two, it declined to determine the rights of use of the respective parties deeming such issues to be res judicata, and further determined defendants' use of water does not interfere with plaintiff's.

Plaintiff appeals only from the court's disposition of count two, asserting error in its failure to determine the respective rights of use and in its determination that there is no interference with plaintiff's prior rights.

Hobble Creek heads in the mountains of the upper Strawberry Valley in Wasatch County, flows "over" Daniels Summit through a series of canals and ditches, across defendants' meadow lands, into Daniels Creek. The canals and ditches were constructed by plaintiff's predecessors in interest beginning in 1879.

1. U.C.A.1953, 73–3–15, provides for a dismissal for failure to prosecute a suit to final judgment within two years.

The evidence is that plaintiff and its predecessors in interest have used the waters of Hobble Creek since about 1883. The U.S. Geological Survey has kept a daily record of flow over Daniels Summit since 1949 which shows that the volume of water diminishes substantially at the end of spring runoff and that generally during the month of June the flow over the summit ceases. However, some years reflect flow measurements over the summit in July, August and September.

After the waters reach the summit, Hobble Creek flows through the lands of defendants' on its way to Daniels Creek. Defendants' claimed use in years past was for irrigation and their point of diversion was identical to plaintiff's. Defendants' approved change application permits a pipeline diversion from a spring upstream and tributary to Hobble Creek, and the new use is for domestic purposes in recreation homes on the same property.

Both parties base their right to use Hobble Creek water on diligence claims,[2] plaintiff's claim being prior in time to defendants'.

■ ■ The right to appropriate and use public waters in this state is governed by statute[3] which was initially enacted in 1903. Prior thereto, the law allowed appropriation by beneficial use and the statute thereafter enacted preserved such appropriations.[4] The right to use water in Utah has always depended upon its application to beneficial use and no "title" is obtained, only a right to use.[5] A prior appropriation may bring a private suit to quiet title[6] and such is in the nature of an action to quiet title to real estate.[7]

It is clear from the evidence that defendants' lands were irrigated by water only made available by plaintiff's bringing of the same over the summit. Defendants' irrigation season would be later than plaintiff's due to the higher elevation of their land, and, of course the irrigation season for both would necessarily terminate at the same time, i. e., when the flow ceased coming over the summit. Also, the spring source contemplated by the change application is upstream from the point of diversion, all of which reveals that parties are competing for the same water. Thus it appears that the issue as to the respective rights of the parties was squarely before the court.

The case of *Yardley v. Swapp*[8] addressed the issue on similar facts and it was determined that where litigants claim interests in a common water source, and the facts are in dispute, the court should proceed to make a definite declaration of rights.

■ ■ The question before us then becomes whether the trial court erred in treating the state engineer's decision as a final judicial act foreclosing its right to adjudicate the respective water rights of the parties.

■ ■ The law appears to be well-settled that proceedings before the state engineer and appeals therefrom do not constitute adjudications of water rights.[9] His function is a part of the executive branch of government, his duties are limited to administrative matters, and the proceedings before him are not judicial in nature.

Specifically in regard to change applications, the same rules apply. In *Whitmore v.*

---

**2.** U.C.A.1953, 73–5–13, providing for a claim based on beneficial use of water prior to 1903.

**3.** U.C.A.1953, 73–3–1.

**4.** *Bishop v. Duck Creek Irr. Co.*, 121 Utah 290, 241 P.2d 162 (1952).

**5.** U.C.A.1953, 73–1–1 & 3; *Adams v. Portage*, 95 Utah 1, 72 P.2d 648 (1937); *Garner v. Anderson*, 67 Utah 553, 248 P. 496 (1926).

**6.** *Spanish Fork West Field Irr. Co. v. District Court of Salt Lake County*, 99 Utah 558, 110 P.2d 344 (1941).

**7.** *Hammond v. Johnson*, 94 Utah 20, 66 P.2d 894 (1937).

**8.** 12 Utah 2d 146, 364 P.2d 4 (1961).

**9.** *Eardley v. Terry*, 94 Utah 367, 77 P.2d 362 (1938); *U. S. v. Fourth District Court*, 121 Utah 1, 238 P.2d 1132 (1951), and 121 Utah 18, 242 P.2d 774 (1952).

*Murray City*[10] this court stated the following:

The office of state engineer was not created to adjudicate vested rights between parties, but to administer and supervise the appropriation of the waters of the state. In *Eardley v. Terry*, [citation] this court considered the rights and duties of the state engineer in approving or denying an application . . . and we there held that in fulfilling his duties, he acts in an administrative capacity only and has *no authority to determine rights of parties. The same reasoning applies to the extent of the state engineer's authority when he determines to grant or deny an application for change of diversion, use or place.* [Emphasis added.]

Several of our sister states have faced the same issue and reached a like result,[11] and the issue was also addressed in *U.S. v. Cappaert*[12] wherein the court concluded, on nearly identical facts, that the decision of the state engineer of Nevada was not res judicata.

Defendants rely substantially upon *Glenwood Irrigation Co. v. Myers.*[13] There the state engineer granted an extension of time to resume use of water and protestant failed to exercise his statutory right of review. In the meantime, the applicant, relying upon the decision, completed the work necessary to resume use. It was not until some five years later that protestant challenged the water right, attempting to sustain a forfeiture. Since the court held that protestant was estopped to assert a *forfeiture*, the case is distinguishable on its facts and the case in no way makes any inroads upon the numerous prior decisions bearing upon the administrative nature of the state engineer's duties and his lack of capacity to *adjudicate* water rights.

In the *Glenwood Irrigation* case no adjudication of rights was ever sought or obtained. Protestant simply attempted to cause a forfeiture of a prior existing right by non-user but took too long (five years) to do it. As is often the case, the court was not disposed to allow a forfeiture.

As in *Yardley*,[14] we do not presume to judge or suggest what the rights of the parties are to the use of the waters in question but remand for the purpose of a determination of those rights and a decree quieting title thereto.

Costs awarded to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN, and WILKINS, JJ., concur.

**10.** 107 Utah 445, 154 P.2d 748 (1944).

**11.** *Public Service Co. v. Reynolds*, 68 N.M. 54, 358 P.2d 621 (1960); *City of Albuquerque v. Reynolds*, 71 N.M. 428, 379 P.2d 73 (1962); *Beach v. Superior Court*, 64 Ariz. 375, 173 P.2d 79 (1946); *Mullen v. Gross*, 84 Ariz. 207, 326 P.2d 33 (1953); *Salt River Valley Water Users' Ass'n v. Norviel*, 29 Ariz. 499, 242 P. 1013 (1926); *Anita Ditch Co. v. Turner*, Wyo., 389 P.2d 1018 (1964); *Speer v. Stephenson*, 16 Idaho 707, 102 P. 365 (1909); *Temescal Water Co. v. Dept. of Public Works*, 44 Cal.2d 90, 280 P.2d 1 (1955).

**12.** 508 F.2d 313 (9th Cir. 1974).

**13.** 24 Utah 2d 78, 465 P.2d 1013 (1970).

**14.** Supra, note 8.