## BISHOP v. DUCK CREEK IRR. CO. et al.

No. 7660.   Decided February 28, 1952.   (241 P. 2d 162.)

See 67 C. J., Waters, sec. 529. Riparian owners, relative rights of. 56 Am. Jur., Waters, sec. 276; 70 A. L. R. 220.

*Christenson & Christenson,* and *A. Sherman Christenson,* all of Provo, for appellant.

*Elias Hansen,* Salt Lake City, for respondent.

CROCKETT, Justice.

The controversy herein is over rights to the water of Duck Creek, just south of Benjamin, Utah County. The trial court decreed to the appellant Duck Creek Irrigation Company a basic flow of two second feet and ordered the rest of the stream divided between the parties: 300/368 to appellant and 68/368 to respondent during the irrigation season; and 400/568 to appellant and 168/568 to the respondent during the non-irrigation season. The decree also awarded the plaintiff the right to use certain ditches owned by the Duck Creek Irrigation Company or by individuals who are members of it.

Appellant attacks this decree as not being supported by the evidence. It contends that it and its stockholders now do, and from time immemorial (at least back to 1870) have, owned, controlled and used all of the "ordinary flow" of the stream and that the only right or use plaintiff or his predecessors have ever had in it is to excess overflow water which was not caught and controlled by appellant's dams and used by them and which therefore naturally found its way on to the plaintiff's lower land to the west.

Duck Creek, also sometimes called Beer Creek or Benjamin Slough, has its source in or at the base of the west slope of the Wasatch Mountains and flows in a north-westerly direction through the town of Benjamin and into the waste lands to the south end of Utah Lake, and in flood season some finds it way into the Lake, a total distance of approximately 10 miles.

Along its course from east to west there are three dams: The easternmost one is called the Upper Dam; about a mile further to the west is the Duck Creek Dam; and still further west is the Stevens Dam, the latter being on land owned by the plaintiff, for which land he seeks to establish water rights. The first two of the dams above mentioned are owned and handled by the Duck Creek Irrigation Company and the latter by the plaintiff. J. W. Stewart, an

early resident, testified that the predecessors of the appellant's dams were there when he came to that locality in 1870 but the lower (Stevens) dam was not, it having been put in later by Edward R. Stevens. The appellant's dams have since been replaced by modern, fairly water-tight concrete ones by the Duck Creek Irrigation Company which was formed in 1917 and is successor to the diligence rights of early settlers who have used this stream for irrigation at least as far back as 1870.

Bishop's land is in the lower area, running generally north and west from the Stevens Dam, and is so situated that part may be irrigated from it and part must be irrigated, if at all, from the Duck Creek Dam. His land is mostly pasture; the higher ground is covered with grease wood. He waters it to develop grasses and forage. He cuts some meadow hay off another part and also cultivates and crops part of it. A determination of the acreage he irrigates (or attempts to irrigate) by this water is complicated by the fact that he owns 2 c. f. s. of water which comes from certain springs to the southward of the area with which we are concerned.

Since there are no filings with the State Engineer either by Bishop or his predecessors, whatever right he has to the water must necessarily rest upon appropriation by beneficial use before 1903. Prior to that time the law allowed appropriation by such use, the statutes enacted that year preserve such appropriations. See Laws of Utah 1903, Sec. 72, Ch. 100; *Patterson* v. *Ryan*, 37 Utah 410, 108 P. 1118; *Jensen* v. *Birch Creek Ranch Co.*, 76 Utah 356, 289 P. 1097; *Wellsville East Field Irr. Co.* v. *Lindsay Land & Livestock Co.*, 104 Utah 448, 137 P. 2d 634.

It is established by the evidence without dispute that the irrigation company and its predecessors, both long before and ever since 1903, by means of the two upper dams, did impound, control and use all of the ordinary flow of the stream, and also diverted and used a portion of the high water to pasture land; and that the only use

of waters of Duck Creek by the plaintiff and his predecessors was that in times of high water the excess which was not so caught and used by the irrigation company naturally escaped down the stream and on to the plaintiff's lower land to the west and was there used.

As above indicated, the court awarded the appellant only two c. f. s. of water as their basic right in the stream and fixed rights in all additional water in the proportions mentioned in the first paragraph of this opinion, apparently based on the acreage the parties irrigated. ■ It is therefore an inquiry of prime importance as to whether the two c. f. s. allowed the appellant amounted to the "ordinary flow" of the stream as always used by the appellant. The evidence seems conclusive that it was not.

In attempting to prove the extent to which he and his predecessors had used the water of Duck Creek on his land, Bishop was under the handicap that his predecessors in interest only knew the situation back to 1906 with any degree of certainty. Their evidence is not too definite as to the use of even the high waters on Bishop's land prior to 1903; however, because of ditches which then existed, and certain other evidence, a finding to that effect as made by the trial court can be sustained; and such use of high water since 1906 is an unquestioned fact. But this is certainly the extent of the plaintiff's rights.

Inasmuch as Bishop claims his right to the waters upon the basis of the use by his predecessors dating back prior to 1903, his right cannot exceed their use. The strongest testimony in favor of the plaintiff's claim is that of his immediate predecessor, Edward R. Stevens. He admitted that on only two occasions from 1906 to 1942, during which he owned the property, had he ever attempted to interfere with the use of the water of Duck Creek by others above him; that once in 1922 and again in 1927 the Stevenses had taken the boards out of the Duck Creek Dam to let the water down to them and that on both occasions the boards had

been promptly replaced, thus stopping the water from coming down. That he only got the excess water is further demonstrated by his statement that in the dry year of 1934, he was cut off entirely by the first of June, and yet he said the flow was at that time from 3 to 5 c. f. s. at the defendant's lower dam (Duck Creek Dam). Thus it appears by the testimony of Mr. Stevens that the plaintiff's predecessor was cut off from use of water completely so far as Duck Creek was concerned long before the stream fell to 2 second feet.

J. W. Stewart, another witness for the appellant, said that the Irrigation Company's two dams (Upper Dam and Duck Creek Dam) would take care of about six to seven second feet; that after they began to irrigate they would continue to take practically the whole stream, and that after the spring high water the stream would continue to decline down to two to three c. f. s. and by July be practically dwindled out. There was other testimony that these two dams would handle as much as ten second feet which would be used by the Irrigation Company as long as it was available. All of the witnesses, both for the plaintiff and defendants, who testified on that subject said that a stream of 2 c. f. s. was practically valueless for irrigation in appellant's irrigation system, the reason being that the land was so near level that such a stream would not be enough water to be useful and in fact would scarcely even reach the land further to the north.

Further indication that the 2 second feet awarded to appellant is inadequate is as follows: The Court found the duty of water there to be 1 c. f. s. for 50 acres; he also found that the stockholders of appellant company had irrigated 300 acres of land with this water. Upon that basis, it would appear that they ought to have a primary right to at least 6 second feet of water, together with the right to use such proportion of the "high water" as they customarily used for irrigation of pasture land before letting the excess run on down to Bishop's land.

From the foregoing, it is obvious that the 2 second feet awarded to the Irrigation Company by the court is too low. Appellant has the right to all of the water in Duck Creek up to the "ordinary flow" which is controlled by their dams as presently constituted and to participate in the use of waters in excess thereof on the basis found by the trial court. The only right shown in plaintiff is to participate in the use of waters not so used by defendants.

Plaintiff also contends that in addition to the water used on his land from the main stream below the Duck Creek Dam, they also used water by diverting it from the Duck Creek Dam through laterals of the company and over lands owned by members of the company and thence onto his lands lying to the north. Plaintiff does cultivate and crop some acreage in the northeast portion of his land. This was first broken up in 1915 and the evidence shows that the water from Strawberry Reservoir is used to irrigate that ground. There is considerable evidence of the use of the high water of Duck Creek on plaintiff's other lands to the north, both on his meadows and on the greasewood. However, this use of water from the Duck Creek dam rests upon the same foundation as his use of water down through the main slough and by means of the Stevens Dam, that is, that only in times of high water did he participate in the use of such excess water.

With respect to the use of ditches: The Irrigation Company has no interest in the excess overflow water not used by its members and which have been used by the plaintiff and his predecessors as above set out. It does have an interest in the diversion of such excess waters if it interferes with the use of its laterals or ditches and those of its stockholders, or damages their property. If the plaintiff or his predecessors used any water from Duck Creek on his land to the north, then, because of the topography, they must of necessity have used the ditches and laterals of the Duck Creek Irrigation Company leading to that area and through ditches running over land owned

by LaVon Payen to reach the central part of his land. The trial court viewed the premises and found that there were such irrigation ditches; and on conflicting evidence determined a prescriptive right existed in the plaintiff to use the ditches and laterals from the Duck Creek Dam. This finding must be sustained. However, the right to use them is limited to be consistent with the evidence concerning the use establishing such prescriptive rights, that is, to the diversion and conveyance of excess overflow water through the ditches in such manner as not to interfere with the use thereof by the owners.

Plaintiff cross-complained against LaVon Payne and Carl Lindstrom and now cross-appeals from the judgment awarding them high water rights in the stream along with himself. Payne was awarded high water rights for the irrigation of 56 acres and Lindstrom for 22 acres of pasture land. The record amply sustains Payne's right to participate in the use of high water on a priority at least equal to the plaintiff and that award is sustained. As to Lindstrom, the record does not show any such use of water prior to 1903 and thus no diligence rights exist in his favor. The only use by him (and predecessors) was of high water in excess of that used by others and he therefore does not appear to have established any water rights as against the other parties to this action. It may well be that he could file upon such excess high water as he now claims, as unappropriated water.

Plaintiff also cross appeals on the question of damages, asserting that the court, having determined that he had a right to the water, should have tried the issue of damages. Since the trial court was in error as to the extent of his water rights, it appears that in all likelihood no damages have been suffered by him. This assumes that he has not been deprived of the use of the excess overflow waters as always used by him and his predecessors. If this right has been interfered with, he should be per-

mitted to prove that fact and recover any damages resulting therefrom.

There is nothing to indicate an abuse of discretion by the trial court in requiring the parties to bear their own costs. The plaintiff has suffered no prejudice in any event. Rule 54(d) (1) provides:

"* * * where an appeal or other proceedings for review is taken, costs of the action * * * shall abide the final determination of the cause."

It appears necessary to remand this case to the District Court to modify the decree:

(1) To award to the Irrigation Company the ordinary flow of Duck Creek which is controlled, diverted and used by means of dams as presently constituted.

(2) To limit the use by the plaintiff of the ditches and laterals of the Irrigation Company and its stockholders as hereinabove indicated.

(3) To omit any award to Carl Lindstrom.

In other respects the judgment of the trial court is affirmed. Costs to appellant.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.