**Forrest Q. BAUER and Dennis L. Bauer, Plaintiffs and Respondents,**

v.

**Kent PRESTWICH and Mrs. Kent Prestwich, his wife, Orval Wright and Mrs. Orval Wright, Defendants and Appellants.**

No. 15233.

Supreme Court of Utah.

April 21, 1978.

6. Id.

1284

Thorpe A. Waddingham, Delta, Michael W. Park, Cedar City, for defendants and appellants.

Orville Isom, Cedar City, for plaintiffs and respondents.

ELLETT, Chief Justice:

This appeal involves the right to use the water from a spring on land owned by the respondents (hereafter called Bauer). The water from this spring had been used continuously by Bauer and his predecessors in interest since before 1903 and, therefore,

Bauer asserts a "diligence claim" to the water.[1]

■ The appellants (hereafter called Prestwich) also claim a diligence right, but they were unable to show that the initial use of water prior to 1903 was ever conveyed to Prestwich. In fact, the one upon whose use Prestwich seeks to show his right is the one whose use went to Bauer. That original beneficial use was made upon the land now owned by Bauer. The use of water upon land makes it appurtenant to that land;[2] and unless it was separately deeded away, it would pass with the land.

The spring in question was entirely within Bauer's land and only twenty-nine feet from the uphill edge thereof. Prestwich owns the land adjoining Bauer and uphill from his land. The spring had flowed continuously until Prestwich dug a ditch at right angles to the slope of the land and immediately above the spring in question. Thereafter, the spring ceased to flow but Prestwich was able to collect water in his ditch.

■ Prestwich filed an application with the state engineer to appropriate water; however, the engineer cannot confer any rights to use water. If there is no unappropriated water to be developed, the application is of no force and effect.

On competent evidence given before it, the trial court found as follows:

That the defendant Prestwich relies upon a diligence claim to the same water, apparently initiated by the said Nephi Workman prior to 1901 but the defendants in said action never introduced any evidence of any transfer of the water right by any prior user to the defendants and the plaintiffs now own the land upon which the water was used since prior to 1901 and where the spring is located.

That the defendants also rely upon an application to appropriate said water filed with the State Engineer of the State of Utah in 1967 but the Court expressly

1. *Bishop v. Duck Creek Irr. Co.,* 121 Utah 290, 241 P.2d 162 (1952).

2. *Cortella v. Salt Lake City,* 93 Utah 236, 72 P.2d 630 (1938).

finds that the water sought to be appropriated by the application filed is the same water used and claimed by the plaintiffs and their predecessors since prior to 1901 and consequently said water was not public water at the time of the filing of the application to appropriate but the right to the use thereof had vested in the Plaintiffs and their predecessors in interest.

The trial court concluded, "That the plaintiffs are the legal owners of the waters above described and that the defendants have no right thereto." A decree was entered quieting the title to the waters of the spring in and to Bauer; and enjoined Prestwich from interfering with the rights of Bauer to use the water. He also enjoined Prestwich from taking or using water from the ditch which he had dug just above the spring.

■ Prestwich complains because the decree gives to Bauer, "All of the waters . . . but not less than 0.033 cubic feet per second . . ." on the ground that Bauer testified he had never measured the amount of flow. In a deposition before us, it appears that counsel for Prestwich asked Bauer on cross-examination how much water he was entitled to from the records of the state engineer, and Bauer answered that he thought it was 15. Then counsel said, "[point 15 (.15 c. f. s.)] Point one five acre feet or second feet is the normal domestic thing that the state engineer gives you?" The copy of the diligence claim received as an exhibit showed a claim of 0.033 c. f. s. At any rate, Bauer and his predecessors in interest had used the total flow of the spring and the court did not err in wording the decree as he did.

The 0.033 c. f. s. minimum stated in the decree should be, and is, considered only as surplus language and not inconsistent with the decree awarding Bauer all the water from the spring.

The judgment is affirmed. Costs are awarded to the respondents.

CROCKETT, and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent.

Plaintiff seeks to enjoin defendant from using any water from the unnamed spring. In order to succeed, he must prove his right to a specified amount of water.[1] Plaintiff claims his right to the water through the diligence claim of his predecessor in interest. Thus, the amount of water to which he is presently entitled cannot exceed the amount beneficially used by that predecessor.

73-5-13, U.C.A.1953, provides:

All claimants to the right to the use of water, including both surface and underground, whose rights are not represented by certificates of appropriation issued by the state engineer, by applications filed with the state engineer, by court decrees or by notice of claim heretofore filed pursuant to law, shall file notice of such claim or claims with the state engineer on forms furnished by him setting forth such information and accompanied by such proof as the state engineer may require

· · · ·

The statute further states that such notice of claim shall be prima facie evidence of the claimed right described in the notice.

The record in this case discloses no such filing on the part of the plaintiff to protect his claim. Therefore, no prima facie evidence of plaintiff's right to the water exists. Consequently, plaintiff must submit proof of the amount of water to which he has a right. In addition, there was no showing at trial as to the amount of water presently emanating from the spring. It is possible, then, that water is presently available in excess of the amount to which plaintiff is entitled.

The case should be remanded and the plaintiff required to establish his right to a specific quantity of water. Furthermore, a hydrological study should be ordered to de-

1. *Merrill v. Bishop,* 74 Wyo. 298, 287 P.2d 620 (1955); *Lewis v. Hanson,* 124 Mont. 492, 227 P.2d 70 (1951).

termine the present flow of water from the spring so it can be ascertained if there exists water in excess of the amount to which plaintiff has a right, and thus available for appropriation.

WILKINS, J., concurs in the views expressed in the dissenting opinion of MAUGHAN, J.