DUCHESNE COUNTY v. HUMPHERYS et al.

No. 6660. Decided April 24, 1944. (148 P. 2d 338.)

Rehearing denied June 15, 1944.

See 67 C. J. Water and Water Courses, sec. 428; 27 R. C. L. 1261.

*Grover A. Giles,* Atty. Gen., and *E. J. Skeen,* of Salt Lake City, for appellants.

*A. V. Watkins,* of Provo, and *A. W. Watson,* of Salt Lake City, for amicus curiae.

*George E. Stewart, Jr.,* of Roosevelt, and *L. A. Hollenbeck,* of Duchesne, for respondents.

WADE, Justice.

The district court of Duchesne County issued a writ of mandate requiring the state engineer to reinstate water applications numbers 5514 and 5977 with their original priority dates. From this judgment the state engineer appeals.

In 1913, D. M. Todd, Jr., filed application No. 5514 for the appropriation of 150 second feet of water from Rock Creek, a tributary of Duchesne River, for the irrigation of land known generally as the Upper Blue Bench. Todd assigned this application to the Upper Blue Bench Irrigation District in 1914. Application No. 5977 to appropriate 100 second feet of water from Rock Creek was filed in 1914 by the upper Blue Bench Irrigation District. The irrigation district obtained a number of extensions of time from the state engineer and the court within which to file proof of construction of works and the placing of the water to beneficial use. The last extension granted expired on May 21,

1939. On March 22, 1939, the state engineer, in compliance with Sec. 100-3-16, U. C. A. 1943, sent the Upper Blue Bench Irrigation District notices of proof being due. The Irrigation District made no request for a further extension of time within which to file proof of construction of works, neither did it file such proof, whereupon on May 23, 1939, the state engineer sent notices to the irrigation district that the applications had lapsed as provided by Sec. 100-3-18, U. C. A. 1943.

In June, 1941, Duchesne County demanded that the state engineer reinstate these applications with their original priority dates. The state engineer denied this request and Duchesne County filed a complaint in the district court of Duchesne County stating that it was the owner of all but a minor fraction of the land described in the applications, which it had obtained by virtue of tax sales; that because of these sales it became the owner of the water rights evidenced by the applications as appurtenances of the land. It also alleged that the action of the state engineer cancelling the applications was arbitrary and against the law; violated the Constitution, the right of eminent domain, the law of escheat and the contracts between the applicants and the State of Utah. The plaintiff asked for a writ of mandate ordering the state engineer to restore the applications to their original priorty dates.

At the trial plaintiff introduced evidence to the effect that it was the owner of most of the land for which the applications for water were made and that it had so notified the state engineer in a letter mailed prior to the time the applications had been declared lapsed; that it had received no "notices of proof due" or of the lapsing; that one L. A. Hollenbeck had received such notices which were addressed to the Upper Blue Bench Irrigation District; that at the time these notices were sent the Irrigation District had ceased to function, although no steps were taken to dissolve it; that said L. A. Hollenbeck was the last secretary of the district; that he had informed the state engineer by letter

that the district was no longer functioning and that he was therefore no longer its secretary.

A right to the use of unappropriated waters on the public domain can only be obtained in Utah by complying with the provisions of our "Water and Irrigation Act." The first step in acquiring such a right is the filing of an application with the state engineer. Sec. 100-3-1, ■ U. C. A. 1943. The filing of the application with the state engineer does not give the applicant a vested right to to the use of the water sought to be appropriated, it merely gives a right to complete the appropriation and put the water to a beneficial use in compliance with the act. *Deseret Life Stock Co.* v. *Hooppiania,* 66 Utah 25, 239 P. 479; *Robinson* v. *Schoenfeld,* 62 Utah 233, 218 P. 1041; *Little Cottonwood Water Co.* v. *Kimball,* 76 Utah 243, 289 P. 116. In the instant case there is no claim that works to convey the water to the land had been built, nor is there any claim that the water had ever been put to a beneficial use on these lands. No vested water rights were ever acquired and therefore could not have passed to the county as appurtenances to land which it obtained by its tax sales.

Appellant assigns as error the court's findings of ■ fact and conclusions of law that the state engineer had failed to give legal notice to make final proof and had failed to give legal notice of the lapsing of the applications.

On March 22, 1939, the state engineer had mailed by United States registered mail, notices of "proof due" on applications 5514 and 5977. These notices were addressed to the Upper Blue Bench Irrigation District and were received and receipted for by L. A. Hollenbeck, who was the last secretary of the district. The district did not file the proof due and on May 23, 1939, the state engineer mailed notices to it that the applications had lapsed. These notices were sent by the state engineer in compliance with sections 100-3-16, 17 and 18, U. C. A. 1943. Sec. 100-3-16 requires that sixty days before the date set for proof of appropriation, the state engineer shall notify an applicant by registered mail "when proof of completion of works and applica-

tion of the water to a beneficial use will be due"; and section 100-3-17 provides that "Failure to make proof of appropriation or proof of change of the water on or before the date set therefor shall cause the application to lapse"; and sec. 100-3-18 requires that notice of lapsing of an application be mailed to the applicant by regular mail. This section also provides that "prior to issuance of certificate of appropriation, rights claimed under application for the appropriation of water may be transferred or assigned by instruments in writing. Such instruments, when acknowledged * * * may be filed in the office of the state engineer and shall from time of filing of same in said office impart notice to all persons of the contents thereof. * * *" No assignments or transfers of applications numbers 5514 and 5977 to Duchesne County were filed in the office of the state engineer. The files of the state engineer showed the applications belonged to the Upper Blue Bench Irrigation District. In mailing the notices to the Upper Blue Bench Irrigation District, the state engineer complied with the duties imposed upon him by statute. The claim of L. A. Hollenbeck who received the notices and who was its last secretary, that he was no longer its secretary because the board of directors of the district had decided at a meeting held in 1938 to discontinue business, could not affect the duty of the state engineer to mail the notices to the owner of the applications who appeared as such in the books on file in his office. Section 100-9-47 provides a means for dissolution of a water district for failure to function. The Upper Blue Bench Irrigation District did not follow the procedure outlined therein nor the procedure provided for in section 100-9-45 for the dissolution of a water district. For all that appears in the record it is still in existence and was at the time the notices were mailed to it by the state enginer. The decision of the board of directors of this district to discontinue business in no way affected the existence of the district and the state engineer properly mailed the notices to it. The court therefore erred in its findings of fact and con-

clusions of law that the state engineer had failed to give legal notice of final proof and lapsing of the applications.

For convenience we have cited statutes in U. C. A. 1943. These sections have not been changed since the occurrence of the events outlined in this opinion.

This court by deciding this case on the merits does not wish it understood that it is impliedly holding that mandamus is the proper remedy under the facts of this case.

The judgment is reversed and the case remanded to the district court with directions to quash the writ of mandate.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., and WILL L. HOYT, District Judge, concur.