354 P.2d 848

**MOSBY IRRIGATION COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Wayne D. CRIDDLE, State Engineer of the State of Utah, High Line Canal Company, a corporation, and Utah Water and Power Board, Defendants and Appellants.**

No. 9180.

Supreme Court of Utah.

Aug. 16, 1960.

Walter L. Budge, Atty. Gen., Robert S. Campbell, Jr., Asst. Atty. Gen., for State Engineer and the Utah Water and Power Bd.

Robert B. Porter, Jr., Salt Lake City, Hugh W. Colton, Vernal, for High Line Canal Co.

Christenson, Novak, Paulson & Taylor, Salt Lake City, for respondent.

CALLISTER, Justice.

Defendants appeal from a decree of the lower court reversing and setting aside the decision of the State Engineer restoring the original priority date of an application to appropriate water which application had previously been lapsed and then reinstated.

The issue concerns Application No. 4796 which is on file in the State Engineer's office and which originally had a priority date of August 2, 1912. The Utah Water And Power Board is the owner of the legal title to the application, and the High Line Canal Company is the owner of the equitable title.

Plaintiff, Mosby Irrigation Company, is the owner of six separate approved applications to appropriate water upstream from the defendants' point of diversion under its application No. 4796. Plaintiff's applications bear priority dates subsequent to the defendant's original priority date of application No. 4796.

The facts are undisputed. On August 17, 1951, the State Engineer, in compliance with Section 73–3–16, U.C.A.1953, sent a registered letter to the High Line Canal Company notifying it that proof of appropriation would be due on October 20, 1951. The letter was addressed to High Line Canal Company, % W. S. Henderson, Vernal, Utah. Although Mr. Henderson had been dead for almost two years at the time of mailing, his name appeared in the files of the State Engineer as the designated representative of the Canal Company.

The letter was delivered to the home of Mr. Ernest Johnson, successor to Mr. Henderson as secretary of the Canal Company. The return receipt was signed by Johnson's married daughter. For some unknown reason this letter was not opened by Mr. Johnson nor given to any other officer or director of the Company until after October 20, 1951, the proof due date.

On November 1, 1951, the State Engineer sent a letter to the High Line Canal Company notifying it that Application No. 4796 had lapsed for failure to submit proof of appropriation. The letter also informed the Company that the application could be reinstated by either submitting proof of appropriation within 60 days or a request for an extension of time, and that the priority of the application would be reduced to the date when such proof or request was filed with the State Engineer.

In response to this last letter the Canal Company, on December 7, 1951, filed an

affidavit requesting an extension of time. The State Engineer, in accordance with his rules, treated this as a request for reinstatement and accordingly endorsed his records to show that Application No. 4796 had been reinstated with its priority reduced to December 7, 1951.

Subsequently the Canal Company, by letter dated January 24, 1956, requested the State Engineer to reinstate the original priority date. This request was granted on October 31, 1957.

From this decision the plaintiff appealed to the District Court of Uintah County. Upon the trial of this case, the District Court concluded:

(1) The notice of lapsing was properly mailed;

(2) The application lapsed and was properly reinstated as of the date of request for an extension of time to make proof of appropriation;

(3) The State Engineer was without authority to reinstate the application to its original priority date;

(4) The application priority date should properly be December 7, 1951.

The defendants first contend that Section 73–3–16, U.C.A.1953,[1] contemplates that an applicant shall be in actual receipt of the notice of the date proof of appropriation is due. Undoubtedly, the legislature, in providing for notice by registered mail, contemplated or hoped for actual receipt thereof, but it did not require it.

■ The legislature has the right to make reasonable regulations as to public or legal notices, and the statutory requirements must be completely met in order to effect a valid notice. In requiring the State Engineer to notify the applicant by registered mail, it provided for a notice reasonably calculated, under all circumstances, to apprise the applicant of the date proof was to be due.

■ In the instant case, the State Engineer completely met the requirements of the statute by sending the notice by registered mail, to the High Line Canal Company, % W. S. Henderson, Vernal, Utah.[2]

1. "Sixty days before the date set for the proof of appropriation or proof [of] permanent change to be made *the state engineer shall notify the applicant by registered mail* when proof of completion of works and application of the water to a beneficial use will be due. On or before the date set for completing such proof in accordance with his application the applicant shall make proof to the state engineer, * * * by a statement descriptive of the works

constructed, and of the quantity of water in acre-feet or the flow in second-feet appropriated, and of the application of the water to beneficial use, with detailed measurements of water put to beneficial use, giving the date the measurements were made and the name of the person making the measurements. * * *." (Emphasis ours)

2. See Duchesne County v. Humpherys, 106 Utah 332, 148 P.2d 338.

Although Mr. Henderson was deceased at the time of the mailing, the registered letter was actually delivered to the home of Mr. Johnson, who was then the secretary of the Canal Company.

Defendants argue that because the return receipt (not required by the statute) was signed by Mr. Johnson's married daughter, the State Engineer should have noted the inconsistency between the intended addressee and the real party in receipt; that the failure to notice the inconsistency constituted a mistake upon the part of the State Engineer and thus he was within his rights to reinstate the original priority date.[3] This argument overlooks the fact that the law imposes no such duty upon the State Engineer, and completely ignores the fact that the notice was actually delivered to the actual mailing address of the Canal Company. The vital mistake was made by Mr. Johnson in not opening the letter.

Furthermore, the Canal Company was charged with actual knowledge of the date proof was due. When its application was approved the proof date was contained in the endorsement of approval.[4] Any extensions of time would of necessity be requested by the applicant.

The defendants next contend that if Sections 73–3–16 and 73–3–17, U.C.A.1953 [5] do not contemplate actual receipt of notice, then their effect is to deprive persons of property without due process of law, con-

---

3. Sec. 73–3–18, U.C.A.1953, provides in part: " * * * The original priority date of a lapsed or forfeited application shall not be reinstated, except upon a showing of fraud or mistake of the state engineer * * *."

4. Sec. 73–3–10, U.C.A.1953.

5. Sec. 73–3–17, U.C.A.1953: "Upon it being made to appear to the satisfaction of the state engineer that an appropriation or a permanent change of point of diversion, place or nature of use has been perfected in accordance with the application therefor, and that the water appropriated or affected by the change has been put to a beneficial use, he shall issue a certificate, in duplicate, setting forth the name and postoffice address of the person by whom the water is used, the quantity of water in acre feet or the flow in second feet appropriated, the purpose for which the water is used, the time during which the water is to be used each year, the name of the stream or source of supply from which the water is diverted, the date of the appropriation or change, and such other matter as will fully and completely define the extent and conditions of actual application of the water to a beneficial use. The certificate shall not extend the rights described in the application. *Failure to make proof of appropriation or proof of change of the water on or befor the date set therefor shall cause the application to lapse.* One copy of such certificate shall be filed in the office of the state engineer, and the other copy shall be delivered to the appropriator or to the person making the change who shall, within thirty days, cause the same to be recorded in the office of the county recorder of the county in which the water is diverted from the natural stream or source. The certificate so issued and filed shall be prima facie evidence of the owner's right to the use of the water in the quantity, for the purpose, at the place, and during the time specified therein, subject to prior rights." (Emphasis ours)

trary to the provisions of the Fourteenth Amendment to the United States Constitution and Article I, Sec. 7, of the Utah Constitution.

 In order to properly evaluate this contention the nature of an applicant's right to the use of water must be determined. In the first place, the right to the use of water is derived from the State.[6] Chapter 3 of Title 73, U.C.A.1953, prescribes the exclusive manner in which such a right can be initiated, the conditions upon which such right can be acquired, and the procedural requirements which must be complied with.[7]

Until an applicant has made his proof of appropriation and been issued a certificate by the State Engineer, any right that he has to the use of water is only inchoate.

The instant application lapsed by reason of the Canal Company's failure to submit proof of appropriation on the due date. It lapsed in accordance with the express mandate of the statute and not because of the action of any state officer.

Therefore, the lapsing of the instant application and the consequent reduction in its priority was not a "taking" of "property" in the sense of constitutional due process.

The lapsing having occurred by neither the fraud nor mistake of the State Engineer, he was without authority to reinstate the original priority date.

Affirmed. No costs awarded.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WADE, J., concurs in result.

---

6. Sec. 73–1–1, U.C.A.1953: "All waters in this state, whether above or under the ground are hereby declared to be the property of the public, subject to all existing rights to the use thereof."

7. Duchesne County v. Humpherys, supra, footnote 2.