431 P.2d 790

Fred BAUGH and Grace H. Baugh, Plaintiffs and Appellants,

v.

Wayne D. CRIDDLE, State Engineer of the State of Utah, Defendant and Respondent, Logan River Water Users Association, Intervenor and Respondent.

No. 10786.

Supreme Court of Utah.

Sept. 19, 1967.

5. Westerfield v. Coop, 6 Utah 2d 262, 311 P.2d 787; Dolores Uranium Corp. v. Jones, 14 Utah 2d 280, 382 P.2d 883.

E. J. Skeen, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

David R. Daines, Logan, for intervenor and respondent.

HENRIOD, Justice:

Appeal from a judgment in a quiet title action pertaining to water rights, based on priorities. Affirmed, without costs.

Baugh's predecessors in interest had an 1860 priority to use Logan River water nonconsumptively to run a mill wheel to produce power. By mesne conveyances of such right, it came to one Crowther. In 1946, the mill burned down. This prevented continued use of the water for such purpose, which necessitated statutory procedural requirements to perpetuate such rights.[1] In 1950 an application was made to the State Engineer for an extension of time to re- sume the use for the purpose theretofore employed. This request was granted to January 1, 1955. On November 19, 1954, Crowther wrote an unverified letter to the Engineer saying he had purchased machinery and that "the whole job should be ready by the first of the year." On November 30th the Engineer replied that "unless evidence is supplied this office on or before January 1, 1955 that this water has actually been put to use again or that you file a new request for extension of time * * * this water right will revert to the public,"— enclosing an application form for such purpose. On December 29th, Crowther by unverified letter, replied that the machinery had been installed and that "this will be actually running on the 30th." On February 10, 1955, six weeks after the statutory deadline, Crowther filed the Engineer's form stating that the beneficial use had been resumed within the extension period. On February 17, 1955, the Engineer wrote Crowther stating that the water right had been terminated and had reverted to the public, for failure to prove up on the right in time,[2] and that if Crowther did not appeal within 60 days from the Engineer's decision, it probably would be final, and again on February 25, reminded Crowther of this fact. On March 2, Crowther, by letter, asked the Engineer to reconsider his decision. On March 7, the Engineer wrote Crowther again, saying he could not

1. Title 73–1–4, Utah Code Annotated 1953.

2. See footnote 1.

reconsider the decision and that the former would have to petition for a timely review, —which Crowther never did.

On March 16, Crowther made a new application for water rights on the same river, for the same purpose. The application was granted, and 71.5 acre feet were awarded him as against the 87 acre feet he had before he lapsed such right by failing to file properly and within time under the statute. Ten years later, Baugh, successor to Crowther, filed this suit against the State Engineer, asserting that 1) the State Engineer had no right to terminate the rights of Crowther, 2) that failure to appeal from the Engineer's decision does not prejudice plaintiff's rights here, and that 3) there was a resumption of use that occurred within the extension period.

All three contentions, it seems to us, may be answered by pointing out that the statute controlled here irrespective of the Engineer's written conclusions and judgment, and that Baugh's predecessor in interest, according to the clear evidence adduced, did not comply with the statutory interdiction re preservation and perpetuation of such rights. In Mosby Irrigation Co. v. Criddle,[3] a case similar to the case here anent complying with water legislation, we said:

> The instant application lapsed by reason of * * * failure to submit proof

of appropriation on the due date. It lapsed in accordance with the express mandate of the statute and not because of the action of any state officer.

The same principle is expressed as clearly by Kinney, Irrigation and Water Rights, 2d ed., 1912, Vol. 2, § 1120, which states that:

> These statutes fixing the maximum time limit for the nonuser of a water right, where free from ambiguity should be strictly construed, and a case clearly made out before any relief should be extended to the delinquent thereunder.

When a statute gives a new and unusual remedy, and directs how the right to the remedy is to be acquired or enjoyed, and how it is to be enforced, the Act should be strictly construed; and the validity of all acts done under the authority of such an Act will depend upon the compliance with its terms. In respect to such Acts, the steps pointed out for the acquisition, preservation, and enforcement of 'the remedies provided should be construed as mandatory rather than optional. Campbellsville Lumber Co. v. Hubbert [6 Cir.], 112 Fed.Rep. 718, 50 C.C.A. 435.

Other authorities to the same effect could be cited, but it is deemed unnecessary here.

In this arid state, where water is the heartbeat of our economy, more and more

3. 11 Utah 2d 41, 354 P.2d 848 (1960).

**364**

it becomes quite obvious that development of water must require strict adherence to statutory sanctions, without delay or nonconformance thereto,—lest our whole economy lag to the detriment of our future. It must be a rare and highly equitable case that should justify a departure from this principle,—which we do not find in the case here.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ.