465 P.2d 1013

**GLENWOOD IRRIGATION COMPANY, a corporation, Plaintiff and Respondent,**

v.

**John R. MYERS, Defendant and Appellant.**

**No. 11524.**

Supreme Court of Utah.

March 3, 1970.

John R. Vernieu, Salt Lake City, for defendant and appellant.

Tex R. Olsen, Richfield, for plaintiff and respondent.

CALLISTER, Justice:

Plaintiff initiated this action to have defendant's right to divert all of the water of Glenwood Springs for a nonconsumptive power use declared forfeited for nonuse for a period of five years and to enjoin his further diversion thereof. Plaintiff moved for summary judgment, which the trial court granted, and defendant appeals.

In December of 1960, defendant filed an application for extension of time within which to resume use of water with the state engineer. In this verified application defendant stated that the date the water was last used beneficially was 1956.

Section 73–1–4, U.C.A., 1953, provides:

When an appropriator or his successor in interest shall abandon or cease to use water for a period of five years the right shall cease and thereupon such water shall revert to the public, unless before the expiration of such five-year period the appropriator or his successor in interest shall have filed with the state engineer a verified application for an extension of time, not to exceed five years, within which to resume the use of such water and unless pursuant to such application the time within which nonuse may continue is extended by the state engineer as hereinafter provided. * * The filing of such application for extension of time shall extend the time during which nonuse may continue until the order of the state engineer thereon. * *

Such applications for extension shall be granted by the state engineer for periods not exceeding five years each, upon a showing of reasonable cause for such nonuse. Financial crisis, industrial depression, operation of legal proceedings or other unavoidable cause, * * shall constitute reasonable cause for such nonuse.

Section 73–1–4 further provides for publication of the application and for protest thereto.

Plaintiff filed a protest to defendant's application on the grounds that the water

right had been abandoned or forfeited for nonuse and no longer existed and that the use for power purposes interfered with plaintiff's rights.

The state engineer, in a memorandum decision, stated that the burden of proof rested upon the one asserting an abandonment or forfeiture of an existing right and that he could only conclude that the right existed as described in the decree.[1] In regard to the protestant's claim of interference with its rights, the state engineer observed that the protest was not the proper subject matter for this type of filing, since the application merely permits the applicant to discontinue use of the water but retain the right for future use. The application was approved on the 11th of February, 1963, and granted applicant an extension of time within which to resume the use of the water to December 30, 1965.

█ Plaintiff did not pursue the statutory procedure provided in Section 73–3–14, U.C.A., 1953:

In any case where a decision of the state engineer is involved any person aggrieved by such decision may within sixty days after notice thereof bring a civil action in the district court for a plenary review thereof. * * *

Plaintiff waited until January 9, 1968, almost five years after the decision of the state engineer, to file this action to declare defendant's right forfeited to the public and to enjoin further diversion of the water. Plaintiff to support its claim of forfeiture untimely filed an affidavit of defendant's immediate predecessor in interest, in which it was sworn that the water was not used for power purposes during the calendar year of 1956 nor for any other purpose from August 1, 1955.[2] The trial court cited this affidavit as evidence in its amended decision to support its finding that the appropriator had ceased to use the water for a period of five years, and the right had therefore reverted to the public.

The precise question of forfeiture was put in issue before the state engineer, and plaintiff had available the procedure in Section 73–3–14, U.C.A., 1953, to determine the validity of defendant's right. An appeal is the only method provided in the statute by which a decision of the state engineer may be reviewed.[3]

In Shields v. Dry Creek Irr. Co.,[4] the state engineer denied plaintiff's application

---

1. Defendant's right, which came to him through mesne conveyance, originated in an adjudication of the Sevier River System, commonly known as the "Cox Decree."
2. This affidavit alone appears insufficient, since there was in evidence defendant's verified application, reciting that the water had been last used in 1956; thus there was a dispute of a material fact put in issue.
3. Smith v. Sanders, 112 Utah 517, 521, 189 P.2d 701 (1948).
4. 12 Utah 2d 98, 100, 101, 363 P.2d 82 (1961).

on the ground that there was no unappropriated water unless it was the result of nonuse or abandonment, and he ruled that the question whether water once appropriated had reverted to the public for nonuse or abandonment required a legal determination beyond the jurisdiction of his office. Plaintiff then brought his action as an aggrieved person, as authorized by Section 73–3–14, in the district court to review the state engineer's decision. This court held that the "trial de novo" provided in Section 73–3–15, comprehended a trial of all pertinent issues to determine whether the party had met his burden of proof.

There are several other factors which militate against the decision of the trial court. The defendant, in reliance on the decision of the state engineer, proceeded to complete the work necessary to resume use. Under the date of August 9, 1968, defendant received a letter from the state engineer stating that the proof of his resumption had been field examined and reviewed; his description of resumed use was found correct, and the proof was accepted as evidence that the use of water under the original right had been resumed. Under these circumstances, plaintiff is now estopped to assert defendant's forfeiture. This is particularly applicable, since plaintiff did not avail itself of the statutory review and sat idly by while defendant in reliance on the engineer's decision materially altered his position. This action constitutes a circumvention of the orderly statutory procedure.

The review procedure of Section 73–3–14, U.C.A., 1953, further provides that the state engineer *must* be joined as a defendant in all suits to review his decision. His participation appears appropriate in this action since Section 73–2–1 confers upon the state engineer full authority to bring suit to enjoin unlawful appropriation and diversion. Plaintiff in this action has attempted to exercise the authority specifically granted to the state engineer, to enjoin an unlawful diversion, which is the consequence if defendant's right has reverted to the public.

The total effect of plaintiff's action is to render nugatory the decision of the state engineer without following the procedure provided and without the participation of the state engineer.

Plaintiff in its pleadings asserted that it contemplated improvements in its water system which would require pipelines and that it would be impossible to administer the system and permit defendant's claimed use of the water. Plaintiff admitted in its pleadings that defendant returned the water to its natural channel.

In Adams v. Portage Irr. Reservoir & Power Co.,[5] this court observed that

5. 95 Utah 1, 11, 13, 15, 16, 72 P.2d 648 (1938).

water flowing in natural channels is public, and one cannot obtain exclusive control thereof, although the right to use may be granted as provided by law. Any diversion from the natural channel or interference with the natural free flow effected by the work, labor or art of man may be exercised only in the manner prescribed by law. The right to go up a natural channel, above the present point of diversion and by means of pipelines convey the water down can only be asserted after an application has been filed in the office of the state engineer. Even if this be considered solely a change of point of diversion and not an additional appropriation, there must be an application, and notice must be given so interested parties may be heard and their rights protected.

Section 73–3–3, U.C.A., 1953, provides that an appropriator must make an application and receive the approval of the state engineer prior to a permanent change of diversion; it further specified:

Applications for either permanent or temporary changes shall not be rejected for the sole reason that such change would impair vested right of others, but if otherwise proper, they must be approved as to part of the water involved or upon condition that such conflicting rights be acquired.

Plaintiff's action in regard to a proposed change of diversion is premature; it must comply with the provisions of Section 73–3–3.

■ Defendant's original extension was granted "to December 30, 1965;" upon that same date he filed an application to extend the time in which to resume his use. Plaintiff contends that the original extension expired December 29, 1965, and that defendant's right reverted to the public, and that the subsequent extension of time granted by the state engineer was beyond his jurisdiction.[6]

In Thompson v. Reynolds,[7] this court held that the word "to" as used in an order extending time was a term of inclusion, and not one of exclusion of the date mentioned.

■ Plaintiff further asserts that the extension was not timely filed because the filing fee was not paid until January 5, 1966.

It is true that a county clerk by statute (Section 21–2–2, U.C.A., 1953) is required to collect *in advance* from the party commencing an action or proceeding for all services performed. In such a case, the mere leaving of a paper with a filing officer for the filing of which is required by statute to be paid in advance is not a filing.[8]

6. Baugh v. Criddle, 19 Utah 2d 361, 431 P. 2d 790 (1967).
7. 59 Utah 416, 421, 204 P. 516 (1922).

8. In re Estate of Ratliff, 19 Utah 2d 346, 349, 431 P.2d 571 (1967).

Section 73-3-4, U.C.A., 1953, provides:

* * * whenever the term "filed" is used, it shall be deemed to mean the date when such paper was acceptably completed in form and substance and filed in said office.

A survey of the relevant chapters of Title 73, reveals that only Section 73-3-5 requires that a filing fee be paid prior to filing; this section applies only to applications made pursuant to Section 73-3-2, for the right to use unappropriated public water.

Defendant's application was made pursuant to Section 73-1-4; plaintiff has not designated any statutory provision that requires a fee for an application pursuant to this statute to be paid *in advance*. A similar issue was raised in Huber v. Deep Creek Irr. Co.[9] This court held that there was no statutory provision requiring payment of $5 at the time of filing the final proof form. Since the payment was made shortly thereafter without objection, there was no ground to disturb the matter.

The judgment of the district court is reversed and remanded with directions to enter judgment for the defendant. Costs are awarded to defendant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

9. 6 Utah 2d 15, 17, 305 P.2d 478 (1956).