Larry LITTLE, Plaintiff and Appellant,

v.

GREENE & WEED INVESTMENTS, Leon S. Lippincott, Caroline Lippincott, and Dee C. Hansen, State Engineer of the State of Utah, Defendants and Appellees.

No. 890177–CA.

Court of Appeals of Utah.

Aug. 15, 1990.

John W. Anderson (Argued) Clyde & Pratt, Salt Lake City, for plaintiff and appellant.

E.J. Skeen, Salt Lake City, for Lippincott.

Keith S. Christensen (Argued), Salt Lake City, for Greene & Weed.

Before DAVIDSON, BENCH and GARFF, JJ.

## OPINION

DAVIDSON, Judge:

Appellant appeals the trial court's decision awarding water rights to the appellees.[1] We affirm.

On January 16, 1968, Lester F. Little and Madge Little, husband and wife, conveyed to their five children by warranty deed 80.1 acres of land located in the Johnson Canyon area in Kanab, Utah. The deed conveyed to each an undivided one-fifth interest "[t]ogether with all improvements and appurtenances appertaining thereto." At the time of the conveyance the water right later associated with the land had not yet been certificated by the state engineer. This water right was carved out of a larger water right application originally filed by Lester on April 12, 1955 and approved by the state engineer on October 15, 1958. On November 30, 1967, Lester filed the application to segregate the water right in question. The new application requested permission to appropriate .92 cubic feet per second (cfs) out of the 10 cfs in the original application for use on 83.3 acres. The state engineer opened a new file upon receiving the segregated application.

Lester constructed diversion facilities and irrigated the 83.3 acres beginning in the early part of 1967. On December 19, 1967, Lester filed proof of appropriation with the state engineer demonstrating that the diversion facilities were complete and that the water had been placed to beneficial use. Approximately one month after filing the proof of appropriation, but prior to certification, Lester conveyed 80.1 of the 83.3 acres to his five children.

The five children made several conveyances further dividing the land. Appellant contends that the initial warranty deed from Lester and Madge to the five children transferred the water right as an appurtenance to the land. Therefore, the subsequent warranty deeds issued by the children also passed the water rights, and the quitclaim deeds and other documents relied upon by appellees are irrelevant to the court's determination of title to the water.

Appellees argue that the water rights were not conveyed in the warranty deeds issued by Lester and Madge. Rather, they argue that on November 17, 1969, Lester conveyed the entire water right to Lorna and Clara, two of the five children, by

---

1. This is an appeal from an interlocutory decree which the lower court certified as a final judgment pursuant to Utah R.Civ.P. 54(b). The lower court action was brought on two counts: (1) a challenge to the state engineer's decision; and (2) an action to quiet title to a water right. The issues below were bifurcated. The quiet title action was tried first since determination of the water right ownership will likely determine the challenge to the state engineer's decision. The present appeal concerns only the quiet title action.

quitclaim deeds. They argue that water rights cannot be appurtenant to land until after the state engineer issues a certificate of appropriation. The trial .court agreed and held that "[t]he water right involved ... did not pass as an appurtenance to land conveyed before it was perfected by the issuance of a certificate of appropriation by the State Engineer."

## STANDARD OF REVIEW

Our review of the trial court's ruling is a question of law which we review for correctness. *Asay v. Watkins,* 751 P.2d 1135, 1136 (Utah 1988); *see Gonzales v. Morris,* 610 P.2d 1285, 1286 (Utah 1980) ("[Q]uestions of legislative intent and statutory application are matters of law, not of fact.")

Appellant argues here that the water right becomes appurtenant upon the filing of the proof of appropriation.[2] He therefore contends that the water right automatically transferred in the warranty deed. He relies specifically on Utah Code Ann. § 73-1-11 (1989) which states that "[a] right to the use of water appurtenant to land shall pass to the grantee of such land" unless expressly reserved by the grantor. He also relies on Utah Code Ann. § 73-1-10 (1989), which states that final water rights may be transferred by deed in substantially the same manner as real estate, and upon Utah Code Ann. § 73-3-18 (1989), which states that rights claimed under water right applications may be transferred by instruments in writing prior to issuance of a certificate of appropriation.

To determine if the water right here was appurtenant to the land at the time of the initial conveyance, we must look to the nature of the right created by statute. *See Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989), *reh'g denied* (1990); *Mosby Irrigation Co. v. Criddle,* 11 Utah 2d 41, 46, 354 P.2d 848, 852 (1960). In determining the nature of this right we rely upon the plain language of the statutes in question and prior case law. *Bonham,* 788 P.2d at 500. In this analysis, we note that the right to use and appropriate water is created by statute. *See Criddle,* 11 Utah 2d at 46, ·354 P.2d at 852; Utah Code Ann. §§ 73-3-1 to -29 (1989). The statutory procedure "prescribes the exclusive manner in which such a right can be initiated, the conditions upon which such right can be acquired, and the procedural requirements which must be complied with." *Criddle,* 11 Utah 2d at 46, 354 P.2d at 852.

Section 73-1-11 provides that "water appurtenant to land shall pass to the grantee of such land...." The term "appurtenant" is not defined by statute. The Utah Supreme Court has stated, however, that "[a] water right, *acquired by appropriation* and used for a beneficial and necessary purpose in connection with a given tract of land, is an appurtenance thereto, and as such passes with the conveyance of the land, unless expressly reserved from the grant." *Thompson v. McKinney,* 91 Utah 89, 98, 63 P.2d 1056, 1061 (1937) (emphasis added) (quoting *Lensing v. Day & Hansen Sec. Co.,* 67 Mont. 382, 215 P. 999, 1000 (1923)).

Two steps must be completed before water becomes appurtenant to land. First, the water must be beneficially applied to a specific tract of land. *Thompson,* 91 Utah at 97-98, 63 P.2d at 1061. Second, all the statutory steps for appropriation must be completed. *See* Utah Code Ann. § 73-3-1 (1989) (no water rights may be appropriated without first following statutory requirements); *Criddle,* 11 Utah 2d at 46, 354 P.2d at 852; *Thompson,* 91 Utah at 98, 63 P.2d at 1061 (appropriation plus beneficial use equals appurtenant right); *see also Eardley v. Terry,* 94 Utah 367, 375, 77 P.2d 362, 365 (1938). The first step is completed when the proof of appro-

---

**2.** A proof of appropriation is the next to last step in the statutory water appropriation process. Before a certificate of appropriation is issued the applicant must first file the proof of appropriation demonstrating that diversion facilities are complete and that a stated quantity of water has been applied to a beneficial use. Utah Code Ann. § 73-3-16 (1989).

priation is filed. The second step, however, can only be satisfied when the entire statutory process is complete. Prior to completion of the entire appropriation process, the applicant only has an inchoate [3] right to the use of the water. *See Criddle*, 11 Utah 2d at 46, 354 P.2d at 852.

 When Lester transferred the 80.1 acres to his five children on January 16, 1968, the final statutory requirement in the appropriative process, the issuance of a certificate, had not been accomplished. Even though Lester had previously completed the diversion facilities, applied the water to beneficial use, and filed the proof of appropriation, the water right could not be appurtenant to the land. The appropriation process is complete only after the certificate of appropriation is issued and that certificate then becomes "prima facie evidence" of the owner's water right. Utah Code Ann. § 73–3–17 (1989); [4] *Eardley*, 94 Utah at 375, 77 P.2d at 365 ("[N]o final rights are acquired until the proof ... is made and a certificate has been issued by the state engineer."); *Lake Shore Duck Club v. Lake View Duck Club*, 50 Utah 76, 81, 166 P. 309, 311 (1917) (certificate is appropriator's deed of title good against the state and against everyone else who cannot show a superior right).

We therefore conclude that the January 16, 1968 warranty deed did not transfer the water as an appurtenance to the land. The trial court properly found that the November 19, 1969 quitclaim deed did transfer the water right at a time when that right was fully vested.[5]

---

3. The term "inchoate" means "[i]mperfect; partial; unfinished; begun, but not completed...." Black's Law Dictionary 686 (5th ed. 1979).

4. Utah Code Ann. § 73–3–17 (1989) provides, in pertinent part, as follows:
    Upon it being made to appear to the satisfaction of the state engineer that an appropriation ... has been perfected in accordance with the application therefor, and that the water appropriated ... has been put to a beneficial use, as required by Section 73–3–16, he shall issue a certificate.... The certificate so issued and filed shall be prima facie evidence of the owner's right to the use of the

The decision of the trial court is affirmed.

BENCH and GARFF, JJ., concur.

---

water in the quantity, for the purpose, at the place, and during the time specified therein, subject to prior rights.

5. In its findings of fact, the trial court concluded that Lester and Madge intended to transfer the entire water right in the November 17, 1969 quitclaim deed, even though that deed contained an incorrect property description. The trial court's decision was based in part on a subsequent undated quitclaim deed and on other documents which revealed the grantors' intent. We find no error in the trial court's ruling.